# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES,

v.

CARLOS ANTOINE HINTON,

Defendant/Petitioner.

Case Nos. 2:10-cr-175
2:22-cv-544

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner Carlos Antoine Hinton's "Motion to Vacate Under 28 U.S.C. § 2255" (ECF No. 36) and "Request for Compassionate Release Pursuant to 18 U.S.C. 2582(c)(1)(A)(i)" (ECF No. 37). For the reasons stated herein, both motions are **DENIED.**

## I.    BACKGROUND

The petitioner was indicted in Virginia Beach Circuit Court on August 16, 2010, and charged with robbery, use of a firearm in commission of a felony, and malicious wounding.[1] He was tried in October 2011 and was found guilty on all counts. The petitioner was sentenced on April 9, 2012, to 18 years imprisonment with the Virginia Department of Corrections.

Meanwhile, the petitioner was indicted in federal court on November 5, 2010, and charged with three counts of violating 18 U.S.C. § 922(g)(1), which prohibits persons previously convicted of a felony from possessing firearms. ECF No. 1. The

---

[1] *See* Virginia Beach Circuit Court Docket Nos. CR10002716-00, CR10002716-01, CR10002716-02, CR10002716-03, CR10002716-04, and CR10002716-05.

petitioner pled guilty to counts 1 and 3 on July 2, 2012. ECF No. 18. On October 16, 2012, the petitioner was sentenced to 120 months imprisonment on count 1 and 115 months on count 3, to be served consecutively with each other but concurrently with the petitioner's state sentence. ECF No. 31. The petitioner was also sentenced to three years supervised release on each count, to be served concurrently with each other. *Id.*

On December 14, 2015, the petitioner filed an earlier motion to vacate under 28 U.S.C. § 2255, alleging that his conviction was non-violent in nature and that his sentence should be reconsidered. ECF No. 33. The Honorable Robert G. Doumar—to whom this case was previously assigned—denied the petitioner's motion on January 6, 2016, finding that it was not timely under 28 U.S.C. § 2255(f). ECF No. 34.

The petitioner filed the instant Motion to Vacate Under 28 U.S.C. § 2255 on November 17, 2022.[2] ECF No. 36. In it, he argues that "the government designated [him] under the Armed Career Criminal Act (ACCA) which enhanced [his] sentences based upon prior felonies in Virginia Beach Circuit Court." *Id.* at 3. He argues further that "in year 2021, the State of Virginia created degrees of punishment corresponding to the severity of a robbery offense (4 classifications) see HB1936." *Id.* As a result, the petitioner argues, "the (2) two robbery convictions does [sic] not meet the ACCA's elements clause under Borden (2021) or US v. Moss (11th Cir. 2019) see elements clause of ACCA 924(e)(2)(B)(i)." *Id.*

---

[2] The petitioner's Motion to Vacate and Request for Compassionate Release are both handwritten in all capital letters. To preserve the readability of this Opinion, the Court has altered the capitalization of all quotations from these documents unless otherwise noted.

2

Four days later, on November 21, 2022, the petitioner filed a Request for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 37. In that request, the petitioner argues that his pre-existing medical conditions, including hypothyroidism, hypertension, and "high liver count," make the petitioner "vulnerable to the corona variants," which he argues is "sufficient to establish an extraordinary and compelling reason for release when the movant is concerned of his risk of becoming seriously ill from COVID-19." *Id.* at 4–5.

## II. ANALYSIS

As an initial matter, the Court recognizes that the petitioner has filed these motions *pro se*. Therefore, the Court has accorded the motions liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the Court denies the motions for the reasons stated below.

### A. The Petitioner's Section 2255 Motion

The petitioner's section 2255 motion is denied because it is a "second or successive motion" for which no certification has been sought from the Fourth Circuit. 28 U.S.C. § 2255(h). The motion currently before the Court is the petitioner's second section 2255 motion.[3] By statute, the petitioner must seek certification by "a panel of the appropriate court of appeals" to file a "second" such motion. *Id.* Here, there is no

---

[3] Although the petitioner's first section 2255 motion was dismissed as untimely, it still renders any subsequent section 2255 motion second or successive. *See Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (holding that "a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *Lee v. United States*, No. 4:96-cr-22, 2014 WL 12707252, at *1 (E.D. Va. Oct. 3, 2014); *Stapleton v. United States*, 392 F. Supp. 2d 754, 756 (W.D. Va. 2005).

evidence that the petitioner sought such permission from the Fourth Circuit. Accordingly, this Court is without jurisdiction to grant his motion. *See, e.g.*, *Little v. United States*, No. 2:07-cr-8, 2013 WL 12221937, at *2 (E.D. Va. Aug. 14, 2013) ("[I]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider a successive application for habeas relief.") (internal citation and quotation marks omitted).

Even if the petitioner had sought and received certification from the Fourth Circuit, his motion "conclusively show[s] that [he] is entitled to no relief." 28 U.S.C. § 2255(b). The petitioner claims that "the government designated [him] under the Armed Career Criminal Act (ACCA) which enhanced [his] sentences based upon prior felonies in Virginia Beach Circuit Court." D.I. 36 at 3. The petitioner further argues that, due to a change in Virginia law in 2021, his prior convictions do "not meet the ACCA's elements clause under Borden (2021) or U.S. v. Moss (11th Cir. 2019)." *Id.* As a result, the petitioner argues, his sentence should be shortened because the ACCA should not apply to him.

The record does not reflect that the petitioner was ever designated under the ACCA (*i.e.*, 18 U.S.C. § 924(e)) or that he received an ACCA sentence enhancement. *See* ECF No. 26 (Presentence Investigation Report) (SEALED) at 34 (noting that the petitioner did not qualify for a sentence enhancement under the Career Offender, Criminal Livelihood, Armed Career Criminal, or Repeat and Dangerous Sex Offender sections of the Sentencing Guidelines). Indeed, the petitioner could not have been designated under section 924(e) because designation under that section carries a

4

minimum sentence of fifteen years, but the petitioner was sentenced to ten years or less on each count. *See* ECF No. 31 (reflecting sentences of 120 months and 115 months for counts 1 and 3, respectively). Because the petitioner's sentence was not enhanced under section 924(e), it cannot be reduced based on an alleged change in law affecting the reach of section 924(e).[4] *See, e.g.*, *Gassaway v. United States*, No. 1:12-cr-457, 2020 WL 2126833, at *1 (D. Md. May 5, 2020) (denying a section 2255 motion premised on a change in law with respect to section 924(e) because the petitioner's "Presentence Report does not indicate that any sentencing enhancements were applied to his offense level based on criminal history, and the Guideline Provisions paragraph does not mention the career offender guidelines or the Armed Career Criminal Act."). Accordingly, the petitioner's motion must be denied.[5]

---

[4] Because the Court finds that the petitioner's sentence was not enhanced under the ACCA, the Court does not reach the question of whether the change in Virginia robbery law referenced in the petitioner's motion has any impact on sentence enhancements under the ACCA.

[5] Recently, the Fourth Circuit held that "Virginia common law robbery does not qualify as a 'violent felony' under the ACCA's force clause." *United States v. White*, 24 F.4th 378, 382 (4th Cir. 2022) (quoting 18 U.S.C. § 924(e)(2)(B)(i)); *see also United States v. Williams*, No. 20-7131, 2023 WL 2637728 (4th Cir. Mar. 27, 2023). Had the petitioner been sentenced with an ACCA enhancement based on his robbery conviction, his argument might have merit. Nonetheless, because the petitioner is proceeding *pro se*, the Court has considered whether the petitioner's arguments, when read in light of *White* and *Williams*, might still impact the propriety of the petitioner's sentencing. According to the Presentence Investigation Report, the petitioner's offense level was enhanced based on certain facts related to his robbery convictions. ECF No. 26 at 6 (SEALED). Given that these level enhancements are not ACCA enhancements and were based on standalone facts—not the elements of his robbery charge—the enhancements are not disturbed by the Fourth Circuit's decisions in *White* and *Williams*.

### B. The Petitioner's Request for Compassionate Release

The petitioner's Request for Compassionate Release is denied because he is not presently in the custody of the federal government. The petitioner is currently serving a term of imprisonment in the custody of the Commonwealth of Virginia. *See* ECF No. 36 (petitioner noting that his "Place of Confinement" is Augusta Correctional Center, which is a facility operated by the Virginia Department of Corrections); ECF No. 37 (petitioner stating that his release date "from the Virginia Department of Corrections is October 22nd, 2029"). The Federal Bureau of Prisons has no record of an inmate by the petitioner's name. This Court does not have the authority to grant the petitioner compassionate release from state custody. *United States v. Wigfall*, No. 4:07-CR-00631-TLW, 2022 WL 1229021, at *2 (D.S.C. Apr. 26, 2022) (denying motion for compassionate release "in light of the fact that [the petitioner] is not in federal custody" and collecting cases finding the same).

The Court is aware of competing precedent from this district regarding consideration of a motion for compassionate release based on COVID-19 before a petitioner enters federal custody. *Compare, e.g.*, *Albury v. United States*, 496 F. Supp. 3d 974 (E.D. Va. 2020) (considering motion for compassionate release where prisoner was not yet in federal custody) *with Ortega v. United States*, No. 2:98-cr-47, 2022 WL 4227230 (E.D. Va. Sept. 13, 2022) (finding that motion for compassionate release was "premature" where the "Petitioner is not in BOP custody."). In general, the Court

finds that it is more appropriate to consider such a motion once a petitioner has entered federal custody.

When deciding motions for compassionate release that are based on the COVID-19 pandemic, courts in this district usually require a petitioner to show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020). It would make no sense for this Court to assess both of those factors as of *today* when the Court's relief, if granted, would not be felt until the petitioner enters federal custody in 2029. By then, any number of factors critical to the Court's analysis could change: the prisoner's health conditions could worsen or improve; the federal facility where the prisoner will eventually be housed could have more or fewer cases of COVID-19; or medical advancements may eliminate the risk of serious illness from COVID-19 even for those with certain serious medical conditions.

To be sure, there may be cases where it makes sense for a court to decide a motion for compassionate relief based on COVID-19 even where a petitioner is not yet in federal custody. For example, in *Albury*, the petitioner was set to be released to federal custody within one year of the court's opinion. *Albury*, 496 F. Supp. 3d. at 976. It may be possible for a court to assess the petitioner's "particularized susceptibility to the disease" and "particularized risk of contracting the disease at his prison facility" where the petitioner will shortly enter federal custody. But in *Ortega*, the petitioner was not set to be released to federal custody until over six-and-a-half years after the court issued its opinion. *Ortega*, 2022 WL 4227230 at *1. Given that

7

the petitioner here will not enter federal custody until 2029, the facts of this case are much closer to those in *Ortega*. As a result, the Court finds that the petitioner's motion is premature.

### C. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court dismisses a section 2255 motion on procedural grounds, a petitioner must demonstrate "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" to warrant issuance of a certificate of appealability. *United States v. Casanova*, 67 F. App'x 235, 236 (4th Cir. 2003) (unpublished) (internal quotation marks and citation omitted). The Court finds that the petitioner has not made a showing that the procedural flaw with his motion—lacking a certificate from the Fourth Circuit to file a second petition—meets this standard.

Where a section 2255 motion has been denied on other grounds, a certificate of appealability will not issue "absent 'a substantial showing of the denial of a constitutional right.'" *See Quaco v. United States*, No. 1:90-cr-275, 2011 WL 9697979, at *2 (E.D. Va. Mar. 31, 2011), *aff'd*, 443 F. App'x 821 (4th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a) (applying the standard set forth in section

2254(c)(2) to district courts). The Court finds that the petitioner has failed to show that the substantive flaw with his motion—alleging a defect in his sentence that does not exist—meets this standard.

Accordingly, the Court declines to issue a certificate of appealability with respect to the petitioner's section 2255 motion.

## III. CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 36) and Request for Compassionate Release Pursuant to 18 U.S.C. 2582(c)(1)(A)(i) (ECF No. 37) are **DENIED.**

The Court **DECLINES** to issue a certificate of appealability with respect to the petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 36).

The Clerk is **DIRECTED** to forward a copy of this Order to the petitioner and to all counsel of record.

**IT IS SO ORDERED.**

/s/ JKW

Jamar K. Walker
United States District Judge

Norfolk, Virginia
April 11, 2023